

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Feb. 26, 1947

Hon. Jesse James
State Treasurer
Austin, Texas

Opinion No. V-52

Re: What steps should be taken by the beneficiaries under the will of Ada Shaw Wright in attempting to collect money which has now been paid into the General Revenue Fund?

Dear Sir:

Your letter of Feb. 10, 1947, reads as follows:

"I enclose herein the following documents:

"1. Affidavit of Orville Griffin Shaw
2. Affidavit of Leila M. Shaw Galbraith
3. Certified copy of the will of Ada S. Wright, Deceased

"For your information, $458.25 was received by this department on May 13, 1939, and our records show the amount was credited at that time to General Revenue and a record of the deposit kept in our Escheated Estates File.

"According to the will, this money was left to two heirs - one of which was the Mother, now deceased, of the two claimants. Certified copy of their Mother's will has not been furnished me.

"Please advise me what action I should write these people to take in order to collect their share of the above amount."

With your letter you enclose a certified copy of the will of Ida Shaw Wright, from the probate minutes of Grayson County, Texas. You have also furnished to us a copy of the order of the Probate Court of Grayson County entered on the 7th day of March, 1939, approving the final account of J. R. Handy, Executor of the estate of Ada S. Wright, and closing the estate. This order conforms to the provisions of Art. 3644, V.A.C.S., which reads in part as follows:

"Upon the settlement of the final account of any executor or administrator, if the heirs, devisees or legatees of the estate, or assignees, or any of them, do not appear or are not represented in the court, and there are any funds of such estate remaining in the hands of the executor or administrator, the county judge shall enter an order upon the minutes requiring such executor or administrator to pay such funds to the State Treasurer."

It is observed that this money, $458.25, was received by the Treasury Department on May 13, 1939, and as reflected by your records was deposited to the credit of the General Fund. This money was erroneously placed in the General Fund, for it is clear that the purpose of the enactment of Articles 3644-3660, V.R.C.S., under which the money was received by the State Treasurer, is that the Treasurer shall keep a record of such fund, and be prepared to pay claimants the amount due them when the law has been complied with, and does not contemplate that such funds be placed in the General Revenue Fund. In other words, as said by Judge Sharp in the case of Manion v. Lockhart, State Treasurer, (Supreme Court of Texas) 114 S. W. 216, the State Treasurer becomes merely the custodian or trustee of the fund by virtue of the articles of the statute. This opinion was rendered March 16, 1938, more than a year prior to this deposit, and should have been followed. In this case Judge Sharp clearly construes Articles 3644 to 3660, V.R.C.S., and points out explicitly the steps to be taken to collect such funds from the Treasurer. They may be briefly summarized as follows:

(1) Claimant to the fund shall institute suit therefor, by petition filed in the county court of the county in which the estate was administered, against the State Treasurer, setting forth claimant's right to such funds, and the amount claimed. (Art. 3653);

(2) The proceeding shall be governed by the rules for other civil suits, and if judgment is for claimant, a certified copy of such judgment constitutes sufficient authority for the Treasurer to pay the amount for which judgment is rendered.

It is apparent that the claimants to the fund here in question have not up to now pursued the statutory remedy to recover the same, and until this is done you are without authority to pay over these funds to claimants.

It does not follow, however, that claimants are without a remedy. The facts in the Manion v. Lockhart case, supra, are identical with the situation here, except that in that case the claimants pursued the further provisions of the statute and reduced his claim to judgment, just as the claimant will have to do in this instance,

before being entitled to payment. After this has been done, Judge Sharp points out, the only remedies available to claimants under such circumstances in the following language:

> "It is undisputed that relator has fully complied with the law and is entitled to be paid the sum of money claimed by him. It is not shown, however, that relator cannot obtain the money due him by another complete and adequate remedy. While it is true that the money due relator has been placed in the general revenue fund, the Legislature has not refused to make a specific appropriation to pay relator's demand therefor. Besides, he has an adequate remedy by an ordinary suit. . . ."

In other words after claimants have legally established their rights to the funds in question pursuant to the provisions of Articles 3644 to 3660, V.R.C.S., they are then in a position to ask the Legislature to make a specific appropriation to pay their claim, which cannot in any event be paid otherwise, since the money is now in the General Fund and cannot be withdrawn except by a specific appropriation to that end.

We believe the foregoing is sufficient to enable you to advise these claimants of their rights in the premises, and the necessary prerequisites to be followed.

It is not to be understood that we are passing upon the merits of these claims. That is a matter that can be determined only by judicial proceedings, as provided for in Articles 3644 to 3660, V.R.C.S., supra.

## SUMMARY

Claimants to money deposited with the Treasurer pursuant to the provisions of Articles 3644 to 3660, V.R.C.S., by executors or administrators of estates because they are unable to locate the heirs or beneficiaries entitled to receive the same may be paid out by the State Treasurer only in accord with the provisions of said articles of the statute, and if the money has been erroneously deposited in the General Fund, it may then be withdrawn only by an appropriation by the Legislature, and then only after it has been judicially determined who are the rightful owners of said funds. Such funds should not be taken into the treasury as state funds and credited to the General Fund, but should be held by the Treasurer as custodian for the benefit of the rightful owners, and then when such

owners have been judicially determined and a certi-
fied copy of the judgment furnished to the State Treas-
urer, he is authorized to pay out the same without any
appropriation.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

L. P. Lollar
Assistant

LPL:AMM:sl

APPROVED
OPINION COMMITTEE
BY  BWB
    CHAIRMAN

APPROVED FEB 26 1947

ATTORNEY GENERAL OF TEXAS